**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION**

| | | |
|---|---|---|
| **ALMA MENDOZA f/k/a** | § | |
| **ALMA GOMEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:22-cv-00138** |
| | § | |
| **RUSHMORE LOAN MANAGEMENT** | § | |
| **SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(6) AND BRIEF IN SUPPORT**

Defendant Rushmore Loan Management Services, LLC ("Defendant") files this Motion to Dismiss Pursuant to the Federal Rule of Civil Procedure 12(b)(6) and states as follows:

## I. INTRODUCTION

On or about April 28, 2022, Plaintiff Alma Mendoza f/k/a Alma Gomez ("Plaintiff") filed this action *as* Cause No. CL-22-1515-A in the County Court at Law No. 1 of Hidalgo County, Texas, styled Alma Mendoza f/k/a Alma Gomez *v.* Rushmore Loan Management Services, LLC. in order to prevent foreclosure of the property commonly known as 812 Luis Drive, Mercedes, Texas 78570 (the "Property").  (*See Pl's' Orig. Pet.*) In the Petition, Plaintiff raises claims that Defendant: (1) violated the dual tracking prohibitions of the Dodd-Frank Act by pursuing foreclosure while Plaintiff had three loan modification applications pending and (2) that Plaintiff should be awarded her attorney's fees under the Texas Declaratory Judgment Act.  *Id.*  For relief, Plaintiff seeks injunctive relief prohibiting foreclosure of the Property and attorneys' fees.  (*See id.* at Prayer).

On May 3, 2022, Defendant removed this matter to Federal Court. [ECF No. 1.] Defendant now files this Motion to Dismiss showing that Plaintiff fails to state valid claims against Defendant.

## II.     STANDARD UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

When a defendant files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. La. State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013) (*citing Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). The court must accept "all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff." *See id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On the other hand, if the complaint only offers "labels and conclusions" or a formulaic recitation of the elements of a cause of action," dismissal is appropriate. *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (*quoting Iqbal*, 556 U.S. at 678). The court should dismiss a complaint if the court can only infer the mere possibility of misconduct, or if the plaintiff has only alleged that he is entitled to relief rather than stating a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678-79 (*quoting Twombly*, 550 U.S. at 570). To withstand scrutiny under Rule 12(b)(6), the plaintiff's pleading must contain either direct allegations or permit properly drawn inferences to support every element of the asserted causes

of action. *Torch Liquidating Tr. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) *(quoting Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

## III.  ARGUMENT AND AUTHORITIES

### A.  Plaintiff's dual-tracking claim fails to plead facts to support the elements of the claim.

In her Petition, Plaintiff alleges that while he was pursuing a forbearance or modification, "Defendant violated the dual-tracking provisions of Regulation X of the Dodd[]-Frank Act by pursuing foreclosure while a loan modification application was pending." (*Pl's Orig. Pet.* at ¶6.) To the extent Plaintiff has attempted to raise a claim for dual tracking, this claim fails as a matter of law.

12 CFR section 1024.41(g) sets forth a prohibition against a servicer moving for a foreclosure sale when a borrower sends a ***completed loss mitigation application*** to the servicer. 12 CFR § 1024.41(g); *Gresham v. Wells Fargo Bank, NA,* 642 Fed. Appx. 355, 359 (5th Cir. 2016).  A completed loss mitigation application is defined as an application in which a servicer has received all the information the servicer requires from a borrower in evaluating loss mitigation options available to the borrower.  12 CFR 1024.41(b)(1).  Without receiving a completed loss mitigation application, a servicer is not prohibited from moving for a foreclosure or required to follow the appeals process set forth in 12 CFR section 1024(g).  12 CFR 1024.41(f), (g), (h) (requiring borrower to submit completed loss mitigation application in order for prohibition against foreclosure or appeals process to be required.)  Moreover, a loan servicer is not required to follow the loss mitigation process set forth in 12 CFR 1024.41 if the loss mitigation application is received more than 37 days from the date of sale.  12 CFR § 1024.41(c).

In general, a claim under 12 CFR section 1024.41 may be brought as a claim for damages under RESPA, 12 U.S.C. section 2605(f).  *See* 12 CFR § 1024.41(a).  A claim under RESPA

requires a plaintiff to demonstrate actual damages resulting from such violation.  *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. Appx. 833, 836 (5th Cir. 2014).   Alternatively, a plaintiff may make out a claim that the defendant has engaged in a pattern or practice of dual-tracking.  12 U.S.C. 2605(f).

In this case, Plaintiff has failed to allege (1) that he submitted a completed loss mitigation application more than 37 days before the sale date, (2) that he suffered actual damages resulting from Defendant's alleged dual tracking, or (3) that Defendant engaged in a pattern or practice of dual tracking.  (*See* generally, *Pl's Orig. Pet.*)  As a result, Plaintiff has failed to allege a viable cause of action for Defendant's alleged conduct and her claim must be dismissed.  *See Gonzales v. HSBC Bank USA*, N.A., No. 7:20-CV-37, 2020 U.S. Dist. LEXIS 70665, *18-19 (S.D. Tex. April 22, 2020) (Alvarez, J.) (dismissing dual-tracking claim under Rule 12(b)(6) where plaintiff did not plead that he suffered damages from the alleged violation or that the defendant engaged in a pattern or practice of dual tracking); *Molina v. DLJ Mortgage Capital, Inc.*, No. 7:15-cv-270, 2015 U.S. Dist. LEXIS 182615, *11-12 (S.D. Tex. Dec. 17, 2015) (Crane, J.) (dismissing dual-tracking claim under Rule 12(b)(6) where plaintiff did not plead that he submitted a complete loan modification application).  Plaintiff has thus failed to state a claim for dual tracking and it must be dismissed under Rule 12(b)(6).

**B.  Plaintiff's claim for attorney's fees under Texas Declaratory Judgment Act fails.**

Plaintiff requests an award of attorney's fees under the Texas Declaratory Judgment Act. (*Pl's Orig. Pet.* at ¶14.)  This claim fails because the law of the forum determines whether the state or federal declaratory judgment act applies, even after a removal to federal court.  *Billiter v. Cent. Mortg. Co.*, No. H-14-663, 2015 U.S. Dist. LEXIS 18607, *17-18 (S.D. Tex. Feb. 17, 2015) (Johnson, J.); *Ondova Ltd. Co. v. Manila Indus., Inc.*, 513 F. Supp. 2d 762, 776 n.12 (N.D.

Tex. 2007).  When a declaratory judgment action is filed in state court and is later removed to federal court, it is converted to an action brought under the federal declaratory judgment act, 28 U.S.C. §§ 2201, 2202.  *Id.*  As the federal declaratory judgment act does not provide for an award of attorney's fees, Plaintiff's reqeust for attorney's fees is not viable and must be dismissed.  *Id.*

Furthermore, Plaintiff does not make out a claim for declaratory judgment in her pleading.  (*See Pl's Orig. Pet.*)  She only asserts a claim for dual tracking.  *Id.*  As such, she has not identified a justiciable controversy to be decided and her request for declaratory relief must be dismissed.  *See Bell v. Bank of Am. Home Loan Serv. LP*, H-11-2085, 2012 U.S. Dist. LEXIS 21274, *22-23 (S.D. Tex. 2012) (Ellison, J.).

### C.  Plaintiff's request for an injunction fails.

Injunctive relief is an equitable remedy that should be denied when no substantive claims have been pleaded.  *Kirksey v. America's Servicing Co.*, Case No. H-12-2859 2013 U.S. Dist. LEXIS 109049 at *12 (S.D. Tex. Aug. 2, 2013).   "[T]o obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his or her claim."  *Howard v. JP Morgan Chase NA,* No. SA-12-CV-00440-DAE, 2013 U.S. Dist. LEXIS 54433 at * 29 (W.D. Tex. Apr. 17, 2013).

Here, the issues raised in Plaintiff's Petition do not demonstrate a likelihood of success on the merits because they fail on their face.  (*See Pl's Orig. Pet.*). The Court should therefore deny Plaintiff's Request for Injunction.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's Petition be dismissed with prejudice and that Defendant be awarded all other relief to which it may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    Southern District Admission No. 21340
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Pkwy., Ste. 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

*Attorneys for Defendant Rushmore Loan*
*Management Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, a true and correct copy of the foregoing was delivered to the following counsel of record via ECF notification:

Kelly K. McKinnis
3423 W. Alberta Road
Edinburg, TX 78539

        */s/ Mark D. Cronenwett*
        **MARK D. CRONENWETT**